PARDON A. ALMY *vs.* OLIVER WILCOX.

A man who has received into his house and supported a woman and children compelled to leave home by the cruelty of her husband, cannot recover from the husband the expense of supporting the children, if one of his motives for receiving them was that he might maintain an adulterous intercourse with the woman.

CONTRACT to recover $2390 for board and clothes furnished by the plaintiff to the defendant's minor children. Writ dated October 30, 1871. Trial in the Superior Court, before *Allen,* J., who allowed the following bill of exceptions:

" It appeared that the plaintiff and defendant had always resided on the same road in Tiverton, in Rhode Island, about a quarter of a mile apart, with but one house between them ; that in March 1865, the defendant's wife left him, taking with her their three youngest children, aged respectively eighteen months, five years, and nine years, and went with them to a house situated on a road called the Fish road, in Tiverton, some six or seven miles from the defendant's house, where she lived till some time in the ensuing fall, when the plaintiff carried her and her children to his house, and after such removal supplied the children as alleged in the declaration ; that in 1869 the defendant was divorced from his wife, on his petition, in which he did not seek or ask for the custody of any of said children ; that the defendant's wife and the plaintiff were subsequently married ; and that the defendant knew of the children being at the plaintiff's house soon after their arrival there.

" The plaintiff introduced evidence tending to show that the defendant, prior to his wife's leaving in March 1865, was guilty of cruel, abusive and improper treatment to such an extent that her life was in danger ; that in consequence of such treatment she was compelled to leave him and went to the Fish road with her three youngest children as aforesaid ; that she went from the Fish road to the plaintiff's house because she was unable to support herself and children ; that it was agreed between herself and the plaintiff, before and after going to his house, that he was to provide her with board and clothing for her services, and look to the

defendant for pay for what he might furnish the children; and that she went there in consequence of such agreement.

" The defendant denied that he had been guilty of cruel and abusive treatment towards his wife, and introduced evidence tending to show that there had been a criminal intimacy between her and the plaintiff before she left his house, and contended that one motive that she had in leaving his house and taking her children was to be with and in the company of the plaintiff.

" It appeared that soon after she began to live on the Fish road the plaintiff was seen there more or less of the time, and, for two or three months before she went to his house, lodged and boarded there a considerable part of the time and paid his board; and that in March 1868, after she had been at the house some two years, and before the defendant had procured a divorce from her, a child was born to her and the plaintiff ; and there was evidence tending to show that when she was living at the Fish road the defendant went to her and endeavored to persuade her to come back home, but she did not do so. The plaintiff and the woman both denied that there was any criminal intercourse between them till after she had been at his house about two years, or that he seduced or improperly influenced her to live with him and not return to the defendant.

The plaintiff asked the judge to instruct the jury as follows : " If the defendant knew of the plaintiff's furnishing the supplies and did not forbid him, then the defendant is liable. If the plaintiff supplied the minor children of the defendant, and the defendant did not make known to him any objections before he did so, then the defendant is liable for the value of what was supplied. The plaintiff is entitled to recover if he does not seek to derive assistance either from an illegal contract or an illegal act. His misconduct in seducing the defendant's wife or otherwise cannot exempt the defendant from his obligation to respond for the injurious consequences of his own behavior, in allowing the plaintiff to supply his minor children with necessaries without forbidding him to do so. The plaintiff is entitled to recover notwithstanding he may have induced the children to board with him ; provided the defendant did not forbid him and did not take

the children away. If the defendant, by his cruel, abusive and improper treatment of his wife and young children of an age needing a mother's care, had justly alienated her affections from him to such an extent that she could not continue to live with him, he had forfeited all claim to her service and society, and to the service and society of such children, and is liable to the plaintiff for board and clothes furnished by the latter to the children."

But the judge declined so to instruct the jury, and instructed them as follows: " The plaintiff claims that the wife so left that she had a right to contract in her husband's name for necessaries. To sustain this, he must show that she could not with safety live with her husband; that she could not stay without serious apprehension of personal violence. If such an apprehension existed, and there were good grounds for it, then she was justified in leaving and in taking the children, if it was unsafe for them to remain on account of the defendant's treatment of them, or their ages and circumstances were such that they needed her care. If the defendant went and asked her to return, she would not carry his credit with her further, unless she believed and had reason to believe that upon her return she would be subjected to such treatment. She would only take her husband's credit with her in case she left for the cause of violence and danger; if she had the desire and expectation of the society of the plaintiff in leaving, she would not have been justified; she cannot mingle an illegal and improper cause with a legal one; so far as she left for legal cause she would be entitled to charge her husband for necessaries. If she had authority to use her husband's credit, the second question is whether the necessaries were furnished in good faith for the children; if fairly furnished as necessaries for the children, then the defendant is liable; if, however, in taking her and her children to his house there mingled to any extent a purpose of illicit intercourse with her, then he is not entitled to re-over; and upon this question the fact that after they had lived there two years they had a child is to be taken into consideration in determining the purpose in taking her there; and in determining the plaintiff's object in taking her and her children to his house all the facts and circumstances are to be taken into account."

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*B. K. Lovatt*, for the plaintiff.

*J. M. Morton, Jr.*, for the defendant.

AMES, J. The instructions given to the jury were correct and appropriate, and were all that the case required. If the defendant's wife was treated with such violence and cruelty by him as to be justified in leaving him, she would nevertheless be without excuse for seeking refuge with a seducer and paramour, with the purpose and expectation of forming or continuing an adulterous intimacy with him. There was evidence at the trial tending to show that the relations between her and the plaintiff were of this character. If one of his motives, in receiving her and her infant children into his house, was to facilitate an adulterous intercourse with her, it would be a reproach to the law to allow him to charge any part of the expense of such an arrangement upon the husband. This question has been settled unfavorably to the plaintiff by the verdict of the jury, upon competent evidence, and under proper instructions, and therefore the plaintiff's

*Exceptions are overruled.*